BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE WYETH PATENT INFRINGEMENT ) DOCKET NO. 325
LITIGATION )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD*, EDWIN A. ROBSON*, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of three actions, each pending in a different federal district -- the Northern District of Ohio, the District of Delaware or the Eastern District of Pennsylvania. The subject of these actions is Patent No. 3,733,309 (Wyeth patent), which relates to biaxially oriented polyethylene terephalate bottles (PET bottles) useful for bottling carbonated beverages under pressure. The rights to the Wyeth patent have been assigned to E.I. duPont de Nemours & Co. (DuPont) by the inventors.

In the Ohio action, Owens-Illinois, Inc. and the Continental Group, Inc., two corporations engaged in the manufacture and sale of PET bottles, seek declarations of invalidity and noninfringement of the Wyeth patent, as well as injunctive relief against threatened suits by DuPont to enforce the patent. DuPont has counterclaimed for declarations that the Wyeth patent is valid and has been infringed by Owens-Illinois and Continental.

---

\* Judges Wisdom, Weinfeld and Robson took no part in the decision of this matter.

In the Delaware action, DuPont charges that defendant PepsiCo, Inc., a user of PET bottles, has been actively inducing others to manufacture, use and sell PET bottles that infringe the Wyeth patent; and that PepsiCo has itself infringed the Wyeth patent by using, selling and offering for sale PET bottles.[1] DuPont seeks a declaration that the Wyeth patent is valid and has been infringed by PepsiCo, an injunction preventing future infringement, and damages.

In the Pennsylvania action, DuPont alleges that defendant Pepsi-Cola Metropolitan Bottling Company, Inc. (Pepsi-Metro) has infringed the Wyeth patent by using, selling and offering for sale PET bottles. DuPont seeks relief in this action similar to the relief sought in the Delaware action.

Pursuant to 28 U.S.C. §1407, DuPont moves the Panel to centralize these three actions in the District of Delaware or any other appropriate district for coordinated or consolidated pretrial proceedings. Owens-Illinois, Continental and PepsiCo oppose transfer.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation and, accordingly, we deny the motion to transfer.

---

[1] Hoover Ball and Bearing Co., a manufacturer of PET bottles, allegedly for use by PepsiCo, was originally named as a defendant in the Delaware action, but was subsequently dismissed by agreement of DuPont and Hoover after Hoover obtained a license from DuPont relating to the Wyeth patent.

Movant DuPont asserts that transfer is appropriate because discovery in each action will focus on highly complex and technical material concerning both the technology involved in the manufacture of PET bottles and the validity of the Wyeth patent. Furthermore, DuPont stresses, common issues concerning infringement will be involved in these actions because PepsiCo has instigated Owens-Illinois' and Continental's infringement of the Wyeth patent by inducing them to manufacture infringing PET bottles and by purchasing those bottles through a subsidiary, Pepsi-Metro, for PepsiCo's own use and sale.

We find these arguments unpersuasive. A minimal number of actions are involved here. Although we recognize the existence of common questions of fact among these few actions, movants have not met their burden of convincing us that those common factual questions are sufficiently complex or that the accompanying discovery will be so time consuming as to justify transfer under Section 1407. See In re Scotch Whiskey, 299 F. Supp. 543, 544 (J.P.M.L. 1969). Furthermore, we note that under the collateral estoppel principles of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971), a holding in one action that the Wyeth patent is invalid would likely prove dispositive of that issue in the other actions. See also In re Illinois Tool, Inc. v. Foster Grant Co., Inc., 547 F.2d 1300, 1302-03 (7th Cir. 1976).

We observe that suitable alternatives to Section 1407 transfer are available in order to minimize the possibility of duplicative discovery. For example, notices for a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to more than one action may be used in all those actions; and any party could seek orders from the three involved district courts directing the parties to coordinate their pretrial efforts. See In re Commercial Lighting Products, Inc. Contract Litigation, 415 F. Supp. 392, 393 (J.P.M.L. 1976). See also Manual for Complex Litigation, Parts I and II, §§3.11 (rev. ed. 1977). Moreover, the parties may seek stays of all or part of two of the actions pending the outcome of the third.[2]

Additionally, consultation and cooperation among the three courts, if deemed appropriate by those courts, coupled with the cooperation of the parties, would be sufficient to minimize the possibility of conflicting pretrial rulings. See In re Texas Instruments, Inc. Employment Practices Litigation, 441 F. Supp. 928, 929 (J.P.M.L. 1977).

IT IS THEREFORE ORDERED that the motion to transfer the actions listed on the following Schedule A be, and the same hereby is, DENIED.

---

[2] We are advised that PepsiCo has filed a motion in the Delaware action for a stay pending the resolution of the Ohio action.

SCHEDULE A

DOCKET NO. 325

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Owens-Illinois, Inc. and The Continental Group, Inc. v. E.I. du Pont de Nemours & Co. | Civil Action No. C-77-39 |

DISTRICT OF DELAWARE

| | |
|---|---|
| E.I. du Pont de Nemours & Co. v. PepsiCo, Inc. | Civil Action No. 77-450 |

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| E.I. du Pont de Nemours & Co. v. Pepsi-Cola Metropolitan Bottling Co., Inc. | Civil Action No. 78-99 |